THIS was an action brought in the circuit court by Wilcox against Faulkner, for speaking slanderous words.
The words alleged in the declaration to have been spoken, impute to Wilcox, the commission of felony, in having stolen, killed and cut the head off of Matty Hopkins’ hog.
Faulkner in his defence, pleaded the general issue, and justification $ and issues were thereupon joined, by Wilcox.
A verdict of three hundred dollars, was found for Wilcox 5 and after Faulkner’s motion for a new trial was overruled, judgment was thereon rendered against Faulkner.
From that judgment, Faulkner has appealed to this court.
The questions presented for the decision of this court, grow out of exceptions taken to the circuit court’s refusal to grant a new trial.
The new trial was asked on the following grounds:
1. That the verdict was contrary to evidence, and the damages outrageously high.
2. That Faulkner, the defendant in the court below, has discovered new evidence, by which he expects to heebie to establish his plea of justification.
3. That he has discovered, since the trial, that Thomas Whitlock, one of the jury, had made up an opinion on the cause before the trial.
4. That some of die jury were influenced in finding their verdict, by the consideration of the defendant Faulkner, having an action of assault and battery pending against Jacob Wilcox, the brother of the plaintiff.
A verdict oí $300 in slander. on a charge of hog-stealing, is not outrageously excessive.
Affidavits fil edinsuppor of a motion for a new trial, ought to form a part of the bill of excep tions to the decision overruling it, or to be referred to in the bill; oth erwise they canhot be no ticed by the court of appeals.
5. That Bath Curry, one of the jury, previous to the trial, entertained prejudices against the defendant, and has since the trial, made declarations evincing that prejudice.
6. That the.detendant was surprised by evidence given against him on the trial.
It cannot be doubted, but that the first ground relied on for a new trial, was insufficient to warrant the court in overturning the verdict of the jury. The evidence is of a character, from which the jury might rationally find both issues against Faulkner; and instead of being outrageously excessive, the damages are not higher than might have been properly estimated by a jury entertaining just notions of the excellence of good fame, and acting dispassionately on the evidencia.
3i Add with respect to the other grounds, on which the application for a newtrial was made, it may be remarked, that the record exhibits no evidence, in support of the facts upon which they are predicated.
There are transcribed in the record, certain affidavits which may possibly have been relied on, in the court, below, to support the facts asserted in those grounds for a new trial. But those affidavits are neither incorporated in the bill of exceptions, or therein refer-ed to, so as to authorise this Court to consider them as composing part of the record. In the absence of evidence iii support of the facts on which these grounds for a new trial, were predicated, therefore, this court must presume the court below to have decided correctly, in overruling those grounds.
The judgment of that court must consequently be affirmed with costs and damages.